UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

MCARTHUR JUNIOR POWELL,
                Plaintiff,         Case No. 11-cv-14674
                                   Honorable Victoria A. Roberts
v.                             Magistrate Judge David R. Grand

LLOYD RAPELJE,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PETITION FOR WRIT
OF HABEAS CORPUS [1] AND TO DENY CERTIFICATE OF APPEALABILITY**

**I.    RECOMMENDATION**

For the following reasons, the court **RECOMMENDS DENYING** the petitioner's petition for a writ of habeas corpus [1] and **DENYING** a certificate of appealability.

**II.    REPORT**

Petitioner McArthur Junior Powell, presently confined at the Saginaw Regional Facility in Freeland, Michigan, files this petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. In his application, filed *pro se*, Powell challenges his conviction for carjacking related to an incident that took place in September 2008. M.C.L. § 750.529a.

    **A.    Background**

Powell was convicted following a bench trial in the Wayne County Circuit Court in Detroit, Michigan. This court recites the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

> Complainant Jajuan Gardner testified that he took his daughter to a Payless store in Detroit to purchase shoes. As he left the store, he saw an individual, who he identified as defendant, inside Gardner's pickup truck,

>along with a woman. Gardner approached them, opened the door to the truck, and told defendant to get out. Instead, defendant threw the truck into gear and tried to drive away. Defendant in fact placed the truck into neutral, and succeeded only in revving the engine. Defendant managed to get the truck into reverse gear as Gardner continued to fight for control of the truck, while hanging partly outside the truck. After a continued struggle, involving movement of the truck into and out of a nearby street, Gardner managed to get defendant out of the truck with the assistance of a Payless employee and detained him until the police arrived.
>
>Defendant testified that he did not intend to steal the truck but was instead trying to assist a woman by starting the truck with a screwdriver.

*People v. Powell*, No. 290525, 2010 Mich. App. LEXIS 419 at *1-2, 2010 WL 715844 (Mich. Ct. App. Mar. 2, 2010). Powell's conviction was affirmed on appeal. *People v. Powell*, 487 Mich. 857 (2010). Powell then filed a petition for a writ of habeas corpus in the district court, which was referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Powell seeks a writ of habeas corpus on the following grounds:

>I.   There was insufficient evidence to sustain Powell's conviction for carjacking, where the owner was not near the vehicle when Powell entered it, and where Powell was unable to take the vehicle from the owner.
>
>II.  Powell was denied the effective assistance of counsel when his lawyer opened the door to otherwise inadmissible similar acts evidence, elicited testimony from Powell that he had previously committed crimes similar to the charged offense, and established that Powell had been previously convicted of numerous car theft offenses.

### B.   Standard of Review

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

>Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when a state court decision unreasonably applies the law of the Supreme Court to the facts of a prisoner's case. *Id.* at 407-408. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862, 176 L. Ed. 2d 678 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24, (2002) (per curiam)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

**C.     Analysis**

    *1.     Claim 1: Sufficiency of the Evidence*

Powell first argues that there was insufficient evidence to convict him of carjacking where the owner of the car "was not near the vehicle when Mr. Powell entered it" and where Powell did not ultimately succeed in taking the car from the owner. [1 at 13].

It is axiomatic that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). However, "[a] district court may grant a writ of habeas corpus based on insufficiency of the evidence only where it finds that, after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Paulmer*, 441 F.3d 347, 351 (6th Cir. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). A federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavanos v. Smith*, 132 S. Ct. 2, 4 (2011). This standard "must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown*, 441 F.3d at 351 (quoting *Jackson*, 442 U.S. at 324 n.16). In addition, a federal court sitting in habeas review does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992).

Michigan's carjacking statute provides:

> (1) A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear

> any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.
>
> (2) As used in this section, "in the course of committing a larceny of a motor vehicle" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the motor vehicle.

M.C.L. § 750.529a(1). The carjacking statute has been on the books in this form since 2004. *Id.* (citing P.A. 2004, No. 128). "In this context, a larceny is the taking and asportation of the vehicle without the owner's consent with the intent to deprive him of it permanently." *Powell*, 2010 WL 715844 at * 2 (citing CJI2d 18.4a(3) and *People v. Perkins*, 262 Mich.App. 267, 271-272, 686 N.W.2d 237 (2004).

Powell argues that the elements of carjacking were not met in his case because Gardner was not in or near the vehicle when Powell entered it, and Powell did not succeed in taking the vehicle. However, as the Michigan Court of Appeals noted, those arguments, which were also presented to that court, are based on a former version of the carjacking statute which required the government to prove that the defendant had forcibly taken another person's car "in the presence of that person." *Powell*, 2010 Mich. App. LEXIS 419 at *3 (citing to M.C.L. § 750.529a (effective Oct. 1, 1994)). The "in the presence of" requirement was not part of the statute in effect at the time of Powell's crime. *Id.*

Under the statute as amended, there was sufficient evidence for a rational trier of fact to conclude that Powell, during the course of committing a larceny of the vehicle, used force or violence against, or put fear in, Gardner, the vehicle's owner and the person lawfully attempting to recover it. As the Michigan Court of Appeals indicated in rejecting Powell's claim, the evidence at trial showed that Powell was in the process of committing a larceny of Gardner's

5

truck when Gardner tried to stop him and Powell forcibly resisted Gardner's lawful attempt to recover the truck. *Id.* at *4.

The only evidence supporting Powell's claims that he did not intend to take the truck was his own testimony to that effect, which was found not credible by both the trial court and the Michigan Court of Appeals. *Id.* (*See also People v.* Powell, 08-012764 Wayne County Court Transcript pp. 78-83 (Pet. Exh. 11-3)). The Court of Appeals noted that Gardner's testimony of Powell's continued struggle for control of the truck belied Powell's testimony that he did not intend to take it. *Powell*, 2010 Mich. App. LEXIS 419 at *4. "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v. McRunels*, 237 Mich. App. 168, 181 (Mich. App. Ct. 1999). When viewed in the light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to conclude that the prosecution in this case proved beyond a reasonable doubt all of the elements of carjacking. Powell is not entitled to habeas relief on his first claim.

### 2.     Claim 2:  Ineffective Assistance of Counsel

Powell next contends that he was deprived the effective assistance of trial counsel. To show that he was denied effective assistance of counsel under federal constitutional standards, Powell must satisfy a two-prong test. First he must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the 'counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In doing so, Powell must overcome a strong presumption that his counsel's behavior lies within the wide range of reasonable professional assistance, including the notion that the challenged action might be considered sound trial strategy. *Id.* at 687, 689. Second, Powell must show that such performance prejudiced his defense. *Id.* at 689. To demonstrate prejudice,

Powell must show that "there is a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different." *Id.* at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011) (quoting *Harrington*, 131 S. Ct. at 792). The *Strickland* holding places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).

Powell alleges that his trial counsel was ineffective for allowing and encouraging him to testify that he had previously been convicted of unlawfully driving away an automobile and had experience stealing cars, despite the fact that the prosecution did not attempt to introduce this evidence in its case in chief, thereby opening the door to the prosecution's use of this highly damaging evidence.

As the Michigan Court of Appeals noted, at trial, counsel's opening statement suggested that the evidence would show that Powell did not intend to steal the vehicle, but was instead trying to help someone. *Powell*, 2010 Mich. App. LEXIS 419 at *6. Counsel used Powell's prior history as a car thief to show the basis for his knowledge of starting a car with a screwdriver, which was consistent with Powell's testimony that he was attempting to start Gardner's truck with a screwdriver at the behest of his female passenger, who Powell thought rightfully owned the vehicle. *Id.* Powell's counsel also used Powell's past history in his closing argument in an attempt to show that he did not have the requisite intent to carjack because his previous history consisted exclusively of non-violent thefts and that he should only be found guilty of a lesser non-violent offense. *Id.* at *7.

7

The Michigan Court of Appeals denied relief on Powell's ineffective assistance claim, reasoning that defense counsel's use of Powell's previous criminal history at trial was simple trial strategy, and the fact that the strategy did not work did not constitute ineffective assistance of counsel. *Id.* This court agrees. An ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken." *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (*quoting Campbell v. Coyle*, 260 F.3d 531, 551 (6th Cir. 2001). In addition, Powell was tried in a bench, rather than a jury trial. As a judge in a bench trial, the trial judge was "presumed to have known the law and to have applied it in making his decision." *Varney v. Booker*, No. 09-11127, 2011 U.S. Dist. LEXIS 42194 at *29 (E.D. Mich. Apr. 19, 2011); *see also Brown v. Pitcher*, 19 Fed. Appx. 154, 157 (6th Cir. 2001). As such, concerns about the effect of prior criminal history evidence on the trier of fact carry less weight where a judge, rather than a jury, is sitting in that role. Therefore, the court finds that defense counsel's belief (mistaken or otherwise) that use of Powell's previous criminal history would be more of a benefit to him than a burden was not such clear error that it could not be considered a question of trial strategy. Moreover, given the other substantial evidence of Powell's guilt, he has not met *Strickland*'s demanding test for prejudice. Far from showing that absent the evidence about his past conduct the likelihood of a different result was "substantial," *Storey*, 657 F.3d at 379, the likelihood of an acquittal was very slight, at best. Powell is not entitled to habeas relief on his second claim.

### 3. Certificate of Appealability

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §

8

2253(c)(1)(A), (B).[1]  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the petitioner's claims.  *Id.* at 336-37.

Based on this court's recommendation regarding the merits of Powell's claim, the court should also deny Powell a certificate of appealability, because jurists of reason would not find the court's resolution of the claims to be debatable.

### C. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Powell's petition for a writ of habeas corpus [1] be **DENIED** and that a certificate of appealability also be **DENIED**.

Dated: May 23, 2012                                   s/David R. Grand
Ann Arbor, Michigan                                   DAVID R. GRAND
                                                      United States Magistrate Judge

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In light of this new requirement, the court includes here a recommendation regarding the certificate of appealability issue.

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 23, 2012.

                              s/William Barkholz for Felicia M. Moses
                              FELICIA M. MOSES
                              Case Manager